UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN TAYLOR GAMMONS,

                Plaintiff,

        v.                                1:25-CV-941 (AJB/DJS)

SAMANTHA ANNA-KAY CODY, *et al.*,

                Defendants.
_____

**APPEARANCES:**

SHAWN TAYLOR GAMMONS
Plaintiff, *Pro Se*
Albany, New York 12206

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil Complaint filed by Plaintiff. The Complaint was filed July 17, 2025. Dkt. No. 1, Compl. The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

- 1 -

## I. FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiff Shawn Taylor Gammons and Defendant Samantha Anna-Kay Cody were married and have two children together, S.N. and S.M. *See generally*, Compl. Plaintiff and Defendant are now separated, and Samantha Cody now resides with Defendant Derek Cody, in Freehold, New York. Compl. at ¶¶ 7 & 8. The children live with their mother in Freehold, while Plaintiff lives in Albany, New York. Compl. at ¶¶ 5 & 6. In March 2025, domestic strife between Samantha Cody and Derek Cody precipitated a custody proceeding in Greene County Family Court. Compl. at ¶¶ 18 & 19. This matter was assigned to Defendant Family Court Judge Charles Tailleur and, it appears, is still ongoing. Judge Tailleur appointed Defendant Andrea Gamalski to represent Plaintiff, Defendant Sondra Smith to represent Defendant Samantha Cody, and Defendants Max Zacker and James Gross to represent S.N. and S.M. Gammons respectively. Compl. at ¶¶ 12-15. Plaintiff alleges these court appointed attorneys capitalized on a bias against him, failed to make proper motions, provided ineffective counsel for his children, and refused to submit favorable evidence. Compl. at ¶¶ 22 & 31.

Judge Tailleur issued, and at times extended, a temporary order of protection against Plaintiff, ordered him to pay child support, and ordered to Plaintiff to serve 30 days in Greene County Jail on account of his failure to do so. Plaintiff alleges that he was not given sufficient notice of the hearing for a temporary order of protection. He further alleges that the child support determinations of both Judge Tailleur and Defendant Sarah

Richards, a child support magistrate, are without legal justification or jurisdiction, and that conclusions of his violation and the subsequent jail time are based on erroneous information provided to Greene County Family Court by Samantha and Derek Cody. Specifically, Plaintiff contests the sum of $27,000 owed in child support as discharged by Judge Tailleur in an earlier proceeding. Plaintiff alleges, as part of a broader conspiracy, that his testimony was systematically excluded, while representations by Defendants, including court appointed attorneys, were admitted despite what he contends are either biases or outright lies. Plaintiff also takes issue with the denial of certain proposed conditions of custody issued by Judge Tailleur. *See generally* Compl.

Plaintiff also lists his children as plaintiffs in this action. He claims his children were prevented from participating in the Family Court proceedings, exposed to domestic violence by Samantha and Derek Cody, and that S.N.G. was body-slammed by a New York State Trooper and ordered to enroll in a Pre-Person's In Need of Supervision program without due process. *Id.*

Plaintiff also claims he has been denied custodial, visitation, and parental rights with respect to S.N. and S.M. He further claims that Samantha Cody attempted to prevent court-appointed attorneys from interviewing the children in relation to the custody proceeding. *Id.*

Plaintiff alleges violations of his Fourth, Sixth, Seventh, Thirteenth, and Fourteenth Amendment rights by the Defendants. Plaintiff also claims common law

conversion as against Defendants Samantha and Derek Cody. Finally, he appears to allege a separate due process violation against Columbia and Greene Counties.  In his prayer for relief, Plaintiff demands a jury trial and requests the arrest and deportation of Samantha Cody, sole legal and residential custody of S.N. and S.M., discharge of his child support obligations, impeachment of all public officers named as Defendants in the case, a public apology, and derivative use immunity.  Compl. at pp. 15-16

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  Therefore, a court should not dismiss a complaint if the plaintiff has stated

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## III. DISCUSSION

### A. Plaintiff's Claims on Behalf of his Children

It appears that Plaintiff may intend to assert claims on behalf of his children. The Complaint identifies Plaintiff's children as Plaintiffs. Compl. at p. 2. The children have not signed the Complaint. While a litigant in federal court has the right to act as her own counsel, "[a] person who has not been admitted to the practice of law may not represent anybody other than [her]self." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted). This rule extends to parents: "a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child." *Tindall v. Pultney High School Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005).[2] As a result, any claim brought on behalf of the children should be dismissed. *H.B. v. Brookdale Hosp.*, 2022 WL 17539117, at *2 (E.D.N.Y. Dec. 8, 2022).[3]

### B. Judicial Immunity

Judge Charles Tailleur continues to preside over Family Court proceedings involving Plaintiff and Defendants Samantha Anna-Kay Cody and Derek Cody. All claims against Judge Tailleur arise out of actions taken in his judicial capacity. At a March

---

[2] This is particularly true where as here "one parent is attempting to bring suit on behalf of a child against the other parent." *Mulready v. Mulready*, 2007 WL 1791120, at *1 (D. Conn. June 16, 2007).

[3] The sole factual allegation in the Complaint against a State Trooper identified only as John Doe relates to allegations of alleged assault against one of Plaintiff's children. Compl. at ¶ 17. Since there is no allegation that Doe violated Plaintiff's rights, it is recommended that that claim be dismissed.

- 6 -

24, 2025 appearance, Judge Tailleur took testimony from the parties and issued a temporary order of protection against Plaintiff. Compl. at ¶¶ 22 & 29. At an April 7, 2025 appearance, Judge Tailleur extended the temporary order of protection and elicited more testimony from the parties. Compl. at ¶ 29. Finally, at a May 5, 2025 appearance, Judge Tailleur made several determinations on the issue of custody, including with respect to a pick-up/drop-off location and visitation, and further extended the temporary order of protection. Compl. at ¶ 31. Plaintiff contends that Judge Tailleur gave no legal justification for his rulings on custody or visitation, or his extensions to the temporary order of protection.

Judicial immunity is applicable to conduct taken by the court as part of its judicial power and authority, and its absolute protection extends to all judicial acts except those performed in the clear absence of all jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). The Supreme Court has emphasized that the scope of a judge's jurisdiction must be construed broadly. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

"Judicial immunity is overcome in only two circumstances: (1) a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *McCluskey v. Roberts*, 2022 WL 2046079, at *5 (2d Cir. June 7, 2022) (internal quotation omitted). Acts related to a specific case, such as the orders of protection and support determinations at issue here, are clearly judicial in nature. *Bliven v. Hunt*, 579 F.3d at 210. And "[j]udicial immunity applies to these judicial acts even if they were allegedly done maliciously or corruptly." *McCluskey v. Roberts*, 2022 WL 2046079, at *5. For these reasons, no exception to the immunity doctrine applies and claims against Judge Tailleur should be dismissed.

Defendant Richards is identified as a New York Support Magistrate. Compl. at ¶ 10. Plaintiff's claims against Defendant Richards concern her role in child support determinations made on June 4, 2025. Plaintiff contests Richards's assessment that Plaintiff owes $27,000 in child support to Samantha Cody and claims the sum was discharged as a result the divorce agreement he entered with his ex-wife in 2010. He further takes issue with Richards's demands to appear at a July 18, 2025 hearing with copies of certain court records so that Judge Tailleur can properly adjudicate his case. These actions are also within the scope of judicial immunity as they are an extension of the Court's custodial proceedings. *See Gerken v. Gordon*, 2024 WL 4608307, at *8 (N.D.N.Y. Oct. 29, 2024) (child support magistrate found immune from suit under

- 8 -

doctrine of judicial immunity); *Clay v. Bishop*, 2023 WL 3352903, at *4 (N.D.N.Y. Feb. 7, 2023), *report and recommendation adopted*, 2023 WL 2910545 (N.D.N.Y. Apr. 12, 2023). Thus, claims against Defendant Richards must also be dismissed.

The vast breadth of judicial immunity also protects judicial staff. *See Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity."). "Judicial immunity has been extended to court clerks and others who perform functions closely associated with the judicial process when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar." *Kellier v. Ross*, 2022 WL 1292290, at *4 (S.D.N.Y. Apr. 29, 2022) (internal quotation omitted) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) and *Rodriguez v. Weprin*, 116 F.3d at 66). "Court clerks have absolute immunity from civil liability based on actions they take in helping process cases, even if such actions are 'ministerial' or 'administrative.'" *Foy v. New York State Unified Ct. Sys.*, 740 F. Supp. 3d 136, 150 (E.D.N.Y. 2024) (quoting *Rodriguez v. Weprin*, 116 F.3d at 66-67). As to Defendant Paula Wright, Plaintiff complains of a hearing for a temporary order of protection of which he was not informed. Compl. at ¶ 28-i. This is the only allegation against Wright and, because of it is in relation to docketing, scheduling, and court proceedings, it clearly falls within that immunity. *Foy v. New York State*

*Unified Ct. Sys.*, 740 F. Supp. 3d at 150; *Goldberg v. Roth*, 2001 WL 1622201, at *4 (S.D.N.Y. Dec. 17, 2001).[4]

Accordingly, claims against Defendants Wright and Berg must also be dismissed.

### C. State Action

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted).

The role of counsel appointed to represent Plaintiff and Defendant Anna-Kay Cody in state court litigation does not render them state actors. *See*, *e.g.*, *Alexander v. Murphy*,

---

[4] The Complaint also names Shara Berg as a Defendant. It appears that Berg is the Chief Clerk of Columbia County Family Court. https://ww2.nycourts.gov/courts/3jd/columbia/3JD-Columbia%20Multi%20Courts.shtml. The Court takes judicial notice of that fact. *Serrano v. DiPerna*, 2024 WL 5247710, at *2 (W.D.N.Y. Dec. 30, 2024). Any claim made regarding Berg's handling of proceedings in state court are likewise covered by this judicial immunity doctrine.

2018 WL 3232349, at *5 (N.D.N.Y. July 2, 2018), *report and recommendation adopted*, 2018 WL 6000145 (N.D.N.Y. Nov. 14, 2018) (private attorney not a state actor); *Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015) (citing cases). The same is true for counsel appointed to act as law guardians for the children. *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 500 (2d Cir. 2012) ("although appointed by the state, an attorney for the children or law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent.").

The Complaint also names Samantha Anna-Kay Cody and Derek Cody as Defendants with respect to section 1983 claims. Compl. at pp. 2 & 15. "Private parties are generally not amenable to suit under § 1983, because they are not state actors." *Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 664 (2d Cir. 2009). The mere fact that they allegedly availed themselves of the judicial system, Compl. at ¶¶ 11-12, does not make them state actors. *Sam & Mary Hous. Corp. v. New York State*, 632 F. Supp. 1448, 1450 (S.D.N.Y. 1986) ("one does not become a state actor merely by being a litigant in a state court action.").

Accordingly, the Court recommends that the section 1983 claims against Defendants Samantha Cody, Derek Cody, Gamalski, Smith, Zacker, and Gross be dismissed based on a failure to allege state action.

### D. Personal Involvement

Defendant Valerie Caruso is sued in her capacity as Director of Columbia County Support Collections Unit. Compl. at ¶ 16. Though named in the Complaint, there are little, if any, specific factual allegations made against Defendant Caruso.

Liability under section 1983 action is appropriate only if a defendant was personally involved in the alleged constitutional violation. *See Wright v. Smith*, 31 F.3d 496, 501 (2d Cir. 1994); *Collins v. Saratoga Cty. Support Collection Unit*, 2012 2571288, at *3 (N.D.N.Y. July 3, 2012). "[M]ere 'bald assertions and conclusion of law' do not suffice." *Dorsey v. Fisher*, 2010 WL 2008966, at *6 (N.D.N.Y. May 19, 2010) (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Here, the lack of factual allegations against this Defendant warrant dismissal of claims against Caruso. *Hendrickson v. U.S. Atty. Gen.*, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994), *aff'd*, 40 F.3d 1236 (2d Cir. 1994) ("To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law.").

### E. Conversion Claim

The second cause of action in the Complaint is identified as a conversion claim against Samantha and Derek Cody. Compl. at p. 16. The allegations are brief and allege only that Defendant Samantha Cody "defrauded" multiple governmental agencies through perjury. *Id.*

"According to New York law, 'conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'" *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir.), *certified question accepted*, 7 N.Y.3d 837, 857 N.E.2d 528 (2006), *and certified question answered*, 8 N.Y.3d 283 (2007).

Federal courts are courts of limited jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Jurisdiction exists when the matter at issue arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction also exists when diversity of citizenship is present. 28 U.S.C. § 1332. Conversion is a "pure state law claim[]." *Greenidge v. Mundo Shipping Corp.*, 41 F. Supp. 2d 354, 358 (E.D.N.Y. 1999). As a result, no federal "arising under" jurisdiction exists for such a claim.

"Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted). Complete diversity is required – meaning if any Defendant is a resident of the same state as the Plaintiff, diversity jurisdiction does not exist. *Seemann v. Maxwell*, 178 F.R.D. 23, 24

(N.D.N.Y. 1998). The Complaint specifically alleges that both Plaintiff and the Cody Defendants are residents of New York. Compl. at p. 2. As a result, there is also no diversity jurisdiction in this case and no independent jurisdictional basis for entertaining these claims.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

### F. Municipal Defendants

The third cause of action in the Complaint names Columbia County and Greene County as Defendants. Compl. at p. 16. Claims against these Defendants should be dismissed.

In *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978), the Supreme Court found that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused

a constitutional tort." Courts apply "rigorous standards of culpability and causation" to ensure that the municipality is not held liable solely for the actions of its employees. *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).  Thus, in order for an individual whose constitutional rights have been violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy" or "custom." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 690-91.  A "policy" or "custom" cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State.  *See Oklahoma City v. Tuttle*, 471 U.S. 808, 831 (1985) (Brennan, J., concurring in part and concurring in the judgment) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict respondeat superior liability rejected in *Monell*").

Here, however, the Complaint identifies no unconstitutional policy on the part of either municipal Defendant.  That omission is fatal, at this juncture, to Plaintiff's Complaint. *Arnold v. Town of Camillus, New York*, 662 F. Supp. 3d 245, 259 (N.D.N.Y. 2023) ("Plaintiff has not identified any formal town policy that has deprived [him] of equal protection."); *Beckwith v. City of Syracuse*, 642 F. Supp. 3d 283, 293 (N.D.N.Y. 2022) (dismissal required when complaint "does not allege the existence of any policy, practice, or custom from which [plaintiff's] alleged constitutional violation resulted.").

Claims against the municipal entities, therefore, should be dismissed.

### G. Leave to Amend

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). "However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate." *Norwood v. Albany City Police Dep't*, 2019 WL 7593292, at *2 (N.D.N.Y. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5415873 (N.D.N.Y. Oct. 23, 2019). Here, for the reasons set forth above, Plaintiff's allegations that are barred by judicial immunity should be dismissed without leave to amend since no additional pleading could undue that immunity. Since the law is clear that the attorneys assigned to represent parties to state court litigation are not state actors, those claims too should be dismissed without leave to amend. Plaintiff could, perhaps, make factual allegations to establish a claim against the remaining Defendants and so those claims should be dismissed with leave to amend.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED as set forth above**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 2, 2025
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).