UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN TAYLOR GAMMONS,

              Plaintiff,

          -v-                                         1:25-CV-941 (AJB/DJS)

SAMANTHA ANNA-KAY CODY *et al.*,

              Defendants.
_____

**APPEARANCES:**                             **OF COUNSEL:**

SHAWN TAYLOR GAMMONS
Plaintiff, Pro Se
85 Hunter Avenue
Albany, NY 12206

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On July 17, 2025, *pro se* plaintiff Shawn Taylor Gammons ("plaintiff") filed this 42 U.S.C. § 1983 action, purportedly on behalf of himself and his two minor children, against their mother and others involved in an ongoing custody proceeding in Greene County Family Court. Dkt. No. 1.  Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

On September 2, 2025, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application, Dkt. No. 2, and, after conducting an initial review of plaintiff's pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with partial leave to amend.  Dkt. No. 5.

First, Judge Stewart explained that plaintiff, as a non-lawyer, could not assert claims on behalf of his minor children in federal court.  Dkt. No. 5.  Second, Judge Stewart determined that any claims against judicial officers or staff, including defendants Tailleur, Richards, Wright, and Berg, must be dismissed because they were immune from suit under § 1983.  *Id*.  Third, Judge Stewart concluded that several of the remaining defendants were not state actors and therefore could not be sued under § 1983.  *Id*.  Fourth, as for defendant Caruso and defendants Columbia and Greene Counties, Judge Stewart found that plaintiff's complaint did not plausibly allege a § 1983 claim against these defendants.  *Id*.  Fifth, because plaintiff's federal claims were being dismissed, Judge Stewart recommended that jurisdiction over the state-law claims should be declined.  *Id*.  Sixth, and finally, Judge Stewart advised that plaintiff should be given *partial* leave to amend his complaint against the non-judicial and non-attorney actors.  *Id*. at 16.

Plaintiff has lodged objections.  Dkt. No. 6.  There, plaintiff indicates that he would like to abandon his claims related to domestic relations law issues, but requests discovery into a long history of "court orders, records, and transcripts" that might establish that one or more of the judicial defendants are not, in fact, immune from suit.  *See id*.

Upon *de novo* review, the R&R will be accepted and adopted.  *See* 28 U.S.C. § 636(b).  The requests identified in plaintiff's objections—including a possible stay for time to "gather all evidence possible"—are not bases on which to modify the R&R.  As plaintiff acknowledges, it is usually inappropriate to seek relief in federal court on "domestic relations" matters.  Indeed, the so-called "domestic relations exception" will often apply to deprive federal courts of the ability to hear matters that bear on those topics.  *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).  Even so, and as Judge Stewart found, it is possible that plaintiff could plausibly allege a

claim against one or more of the non-judicial, non-attorney defendants. Accordingly, plaintiff's complaint will be dismissed with partial leave to amend.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 5) is ACCEPTED;

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with partial leave to amend;

3. Plaintiff's § 1983 claims against defendants Tailleur, Richards, Wright, Berg, Gamalski, Smith, Zacker, and Gross are DISMISSED without leave to amend;

4. Plaintiff's remaining claims are DISMISSED without prejudice;

5. Plaintiff shall have THIRTY DAYS from the date of this decision in which to file an amended complaint that conforms with the guidance in Judge Stewart's R&R and this Order;

6. If plaintiff timely files an amended complaint, the matter shall be returned to Judge Stewart for further action as appropriate; and

7. If plaintiff does not timely file an amended complaint, the Clerk of the Court is directed to enter a judgment dismissing this action and close the file without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motion and set deadlines accordingly.

**IT IS SO ORDERED.**

Dated: September 24, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge